Maria Gabriela **ORELLANA–CUELLAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–75014.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted May 12, 2009.*

Filed May 26, 2009.

Maria Gabriela Orellana–Cuellar, Lynwood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before PREGERSON, CANBY, and BERZON, Circuit Judges.

### MEMORANDUM **

Maria Gabriela Orellana–Cuellar, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Orellana–Cuellar failed to establish past persecution on account of a protected ground, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) ("Random, isolated criminal acts . . . do not establish persecution"), or a well-founded fear of future persecution on account of her membership in a particular social group or her anti-gang political opinion, *see Santos–Lemus* 542 F.3d at 744–47 (holding that the group "young [men] in El Salvador resisting gang violence" is not a particular social group for purposes of asylum, and "general aversion to gangs does not constitute a political opinion for asylum purposes").

Because Orellana–Cuellar failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the BIA's denial of CAT protection because Orellana–Cuellar failed to show it is more likely than not that she would be tortured if returned to El Salvador. *See Santos–Lemus*, 542 F.3d at 747–48.

Finally, contrary to Orellana–Cuellar's contention, the BIA provided a reasoned explanation for its denial. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.